UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR R. MORALES,<br><br>        Petitioner,<br><br>    v.<br><br>CYNTHIA Y. TAMPKINS,<br><br>        Respondent. | Case No. EDCV 16-2659 DSF(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY |

## I. SUMMARY

On December 28, 2016, Nestor R. Morales ("petitioner"), a state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"), including multiple attached exhibits ("Petition Ex."). The Petition, construed liberally and in light of the accompanying exhibits, challenges the manner in which the California Department of Corrections and Rehabilitation (CDCR) determined petitioner's inmate classification at his initial classification hearing and the CDCR's handling of his administrative appeals relating to such classification decision. (Petition at 5; Petition Exs. 1, 7, 10).

///

///

1    It plainly appears from the face of the Petition and the accompanying
2 exhibits, that petitioner is not entitled to relief at this time because his claims are
3 not cognizable on federal habeas review.  Accordingly, the Petition is dismissed
4 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
5 District Courts which  requires a judge promptly to examine a federal habeas
6 petition, and to dismiss it if "it plainly appears from the petition and any attached
7 exhibits that the petitioner is not entitled to relief in the district court. . . ."

8  **II.    BACKGROUND**

9    Petitioner is a state prisoner currently housed at the California Rehabilitation
10 Center in Norco, California.  (Petition at 1).  He is serving a seven-year sentence
11 stemming from his 2014 convictions in San Diego County on multiple narcotics
12 charges and his admissions that he suffered multiple prior convictions, including a
13 1987 New York robbery conviction which qualified as a strike.  (Petition at 2;
14 Exhibits A & B to Petition Ex. 7 [Abstract of Judgment & Probation Report];
15 Petition Ex. 9 at 2).  Petitioner appealed his convictions and sentence.  (Petition at
16 2).  The Court of Appeal affirmed the judgment.  (Petition at 2-3).  A petition for
17 writ of habeas corpus challenging petitioner's conviction is currently pending in
18 California Supreme Court Case No. S238158.  (Petition at
19 3-4).

20    Upon petitioner's commitment to CDCR custody, he assertedly was given a
21 minimum security classification, but at his first classification hearing on November
22 14, 2014, he was upgraded to a medium security level based upon an
23 "administrative determinant" or "P-code" of violence arising from his 1987 strike
24 conviction.  (Petition Ex. 7 at 9-10; Petition Ex. 9 at 2).  Such a classification
25 assertedly renders petitioner ineligible for camps, community correctional
26 facilities, minimum security facilities and work furlough.  (Petition Ex. 7 at 9-10;
27 Petition Ex. 9 at 2).  Petitioner administratively appealed the classification
28 decision, but such appeal was initially rejected on November 24, 2014 because

petitioner failed to attach a necessary form. (Petition Ex. 9 at 2). Petitioner was afforded thirty days to resubmit the appeal. (Petition Ex. 9 at 2). Petitioner assertedly resubmitted the appeal on December 15, 2014, but did not then sign or date it, and assertedly did not submit a signed and dated form until some point on or after January 25, 2015. (Petition Ex. 9 at 2-3). Meanwhile, on January 14, 2015, the appeals coordinator notified petitioner that his appeal had been cancelled because the appeals office had not received the complete appeal within the thirty-day period called for by the November 24, 2014 letter. (Petition Ex. 9 at 3). Petitioner then administratively appealed the cancellation of the appeal. (Petition Ex. 9 at 3). Although it appears that a second level appeal response advising petitioner that his first appeal had properly been cancelled as untimely was issued on March 17, 2015, petitioner assertedly never received it or any other response. (Petition Ex. 9 at 3).

On or about July 21, 2015, petitioner filed a habeas petition in Riverside County Superior Court Case No. RIC1509092, essentially challenging his prison custody classification and the CDCR's handling of his administrative appeals, and requesting that the court modify his custody classification. (Petition Ex. 1). On August 18, 2015, the Superior Court denied such petition based upon petitioner's asserted failure to establish that he had exhausted available administrative remedies. (Petition Ex. 2).

On September 24, 2015, petitioner apparently filed the same habeas petition in California Court of Appeal, Fourth Appellate District, Division Two, Case No. E064500. (Petition Ex. 3). On August 8, 2016, the Court of Appeal issued an opinion denying petitioner's habeas petition based upon petitioner's asserted failure to exhaust his administrative remedies. (Petition Ex. 9).

On or about September 16, 2016, petitioner filed a petition for review in California Supreme Court Case No. S237304, again essentially challenging his prison custody classification and the CDCR's handling of his administrative

1 appeals relating to the same. (Petition Ex. 10). On November 9, 2016, the
2 California Supreme Court denied review without comment. (Petition Ex. 11).

### III. DISCUSSION

#### A. Petitioner's Claims Do Not Implicate the Fact or Duration of His Confinement and Are Not Cognizable on Federal Habeas Review

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973). A civil rights action – not a habeas action – is the exclusive vehicle for a state prisoner's claim that does not fall within this "core." Nettles v. Grounds, 830 F.3d 922, 927-31 (9th Cir. 2016) (en banc), cert. denied, 2017 WL 69407 (U.S. Jan. 9, 2017).[1] When success on a prisoner's claims "would not necessarily lead to his immediate or earlier release from confinement," such claims do not fall within "the core of habeas corpus[.]" Id. at 935 (citation omitted).

Here, if petitioner's claims were to succeed he would not necessarily be entitled to an accelerated release from confinement. As noted above, petitioner essentially contends that the CDCR improperly classified him as a violent offender and improperly rejected his administrative appeals of such determination. (Petition at 5; Petition Exs. 1, 7, 10). He seeks reclassification to a minimum security level or a new determination of his classification score with an actual exercise of discretion with respect to the administrative determinant of violence and claims that the requested reclassification would render him eligible for camps, community

---

[1] Nettles was heard by an 11-judge en banc panel of the Ninth Circuit. Five judges joined in the principal opinion, one judge issued a concurrrence, joining in only portions of the principal opinion – which portions constitute the majority opinion – and five judges dissented. This Court cites only to the majority opinion.

correctional facilities, minimum security facilities and work furlough. (Petition Exs. 1, 7, 10).

Even if all of petitioner's allegations are true, and he obtained the ultimate relief he seeks – reclassification to a minimum security level which would render him eligible for camps, community correctional facilities, minimum security facilities and work furlough – this would not "necessarily lead" to his earlier release from prison. See, e.g., Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (challenge to classification of prisoner as sex offender, if successful, would not guarantee parole or necessarily shorten prison sentence); Lopez v. Cate, 2009 WL 4403310, at *1 (C.D. Cal. Nov. 25, 2009) ("[E]ven if petitioner could successfully lower his prison classification score, it would not necessarily accelerate his release from prison; thus, petitioner's challenge to his classification is not properly brought in a habeas corpus proceeding.") (citations omitted).

Moreover, petitioner's challenges to his prison classification and the manner in which it was determined also are not cognizable because they are based on the CDCR's asserted noncompliance with its own regulations in assessing petitioner's security classification level. A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Estelle, 502 U.S. at 67. To the extent petitioner suggests that the CDCR's actions deprived him of his federal constitutional right to due process, he may not transform a state-law issue into a federal one merely by asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1996), cert. denied, 522 U.S. 881 (1997).

Finally, to the extent petitioner claims that the CDCR's cancellation of his administrative appeals violates due process, he also fails to state a cognizable claim because such cancellation does not implicate a denial of due process. See Ramirez

5

1 v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate
2 constitutional entitlement to a specific prison grievance procedure.") (citation
3 omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640
4 (9th Cir.) (due process not violated simply because defendant fails properly to
5 process grievances submitted for consideration), cert. denied, 488 U.S. 898 (1988).

6     Accordingly, petitioner may not use a habeas petition to challenge his
7 classification, the manner in which he was classified or the handling of his
8 administrative appeals relating to the same. Any such federal constitutional
9 challenges must be asserted, if at all, in a civil rights action.

### B. The Court Declines to Convert the Petition into a Civil Rights Complaint

12     Although a district court, after notifying and obtaining informed consent
13 from a prisoner, may construe a habeas petition to plead a civil rights claim if the
14 petition is amenable to conversion on its face, see Nettles, 830 F.3d at 935-36, the
15 Court declines to do so here. Prisoner civil rights actions are subject to different
16 requirements than federal habeas proceedings. The filing fee for civil rights
17 actions is $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further,
18 should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he
19 must file the appropriate documentation to qualify for IFP status and would be
20 financially responsible for paying the full $350 filing fee from his prison trust
21 account. 28 U.S.C. § 1915(b)(1). It is not in the interest of judicial economy to
22 convert the Petition into a federal civil rights complaint because the case would, at
23 a minimum, require additional court resources to deal with the problems created by
24 the different filing fees, the absence of information called for by the civil rights
25 complaint form utilized in this district (e.g., whether persons sued are sued in an
26 individual or official capacity), and the potential service issues relative to
27 individuals whose conduct is alleged to have deprived petitioner of his
28 constitutional rights. Accordingly, the Court declines to convert the instant action

into a federal civil rights action without prejudice to petitioner filing a separate federal civil rights action.

**IV.  ORDERS**

IT IS THEREFORE ORDERED that the Petition is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the claims in the Petition are not cognizable on federal habeas review.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 1/27/17

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE